# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY OAXACA MARTINEZ, | CASE NO. 1:12-cv-00634-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |

_____/

### Screening Order

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff Joey Oaxaca Martinez, proceeding *pro se* and *in forma pauperis*, filed his complaint on April 23, 2012. 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court to dismiss any complaint that fails to state a claim upon which relief can be granted. This order dismisses Plaintiff's complaint with leave to amend to permit Plaintiff to conform his complaint to applicable law, incorporating such additional allegations as may be necessary to do so.

## I.   Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a

///

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.   Legal Standards

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

///

| | |
|---|---|
| Step one: | Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two. |
| Step two: | Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate. |
| Step three: | Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four. |
| Step four: | Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| Step five: | Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

The Administrative Law Judge generally follows these steps in the analysis set forth in the hearing decision.  In his complaint, Plaintiff acknowledges that Judge Healy followed the five-step evaluation process, but contends that proper analysis would have resulted in a finding that Plaintiff was disabled.  Plaintiff must specifically allege the factual basis for this conclusory allegation, briefly setting forth factual allegations supporting his belief that the ALJ minimized the severity of his mental disabilities, disregarded vocational expert testimony, and incorrectly set forth Plaintiff's employment history.

**III.    Scope of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the

///

1  evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g.,*

2  *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the ALJ's

3  determination that the claimant is not disabled if the ALJ applied the proper legal standards, and if

4  the ALJ's findings are supported by substantial evidence. *See Sanchez v. Secretary of Health and*

5  *Human Services*, 812 F.2d 509, 510 (9th Cir. 1987).

6  **IV.   Plaintiff's Jury Request**

7        In reviewing the Commissioner's decision, this Court does not conduct a trial de novo.

8  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Its review function is to

9  scrutinize the agency record as a whole to determine whether the Commissioner's conclusions

10  were rational. *Id.* No possibility exists for the jury trial contemplated by Plaintiff's complaint.

11  **V.    Conclusion and Order**

12        The Court will provide Plaintiff with the opportunity to file an amended complaint curing

13  the deficiencies identified by the Court in this order. Plaintiff's amended complaint should be

14  brief, but must allege sufficient facts to establish his cause of action. Fed. R. Civ. P. 8(a). Plaintiff

15  should focus on setting forth, as briefly but specifically as possible, the facts necessary to state a

16  claim on which relief may be granted.

17        Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth*

18  *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,

19  814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

20  superceded pleading." Local Rule 15-220. "All causes of action alleged in an original complaint

21  which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord*

22  *Forsyth*, 114 F.3d at 1474.

23        Based on the foregoing, it is HEREBY ORDERED that:

24     1.     Plaintiff's complaint is dismissed with leave to amend for failure to state facts

25            sufficient to state a claim on which relief may be granted;

26     2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

27            amended complaint curing the deficiencies identified by the Court in this order; and

28  ///

3.      If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

IT IS SO ORDERED.

**Dated:    April 24, 2012**                                     _____ /s/ **Sandra M. Snyder** _____
                                                            UNITED STATES MAGISTRATE JUDGE

5